[Cite as *State v. Sims*, 2016-Ohio-7341.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                     Court of Appeals No.  WD-15-056

    Appellee                              Trial Court No.  2015CR0173

v.

Anthony K. Sims                              **DECISION AND JUDGMENT**

    Appellant                             Decided:  October 14, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Alyssa M. Blackburn
David T. Harold, and Channa B. Beard, Assistant Prosecuting Attorneys,
for appellee.

Eric Allen Marks, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Anthony K. Sims, appeals from the August 31, 2015 judgment of

the Wood County Court of Common Pleas convicting him, following a jury trial, of

violating a civil stalking protection order, a violation of R.C. 2919.27(A)(2) and R.C. 2919.27(B)(3), and sentencing him to a prison term of 11 months. For the reasons which follow, we affirm.

{¶ 2} Appellant was indicted on two counts of recklessly violating a civil stalking protection order on April 24, 2015, the first count involving Bonnie Steck, and the second count involving Mandi Laurell, both of whom were protected by the protection order. Appellant stipulated to the fact that he had previously been convicted of four prior violations of civil stalking orders. He was convicted of Count 1 and sentenced. He appeals from that judgment and asserts the following single assignment of error:

> APPELLANT'S RIGHT TO DUE PROCESS WAS VIOLATED
>
> WHEN THE STATE FAILED TO INTRODUCE SUFFICIENT
>
> EVIDENCE TO SUPPORT A FINDING THAT APPELLANT
>
> VIOLATED THE PROTECTION ORDER.

{¶ 3} Appellant challenges the sufficiency of the evidence to support his conviction. This is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The standard for determining whether there is sufficient evidence is whether the evidence admitted at trial, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus,

2.

citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.E.2d 560 (1979). *Accord Thompkins*. Therefore, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jenks* at 273. In determining whether the evidence is sufficient to support the conviction, the appellate court does not weigh the evidence nor assess the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978) and *State v. Willard*, 144 Ohio App.3d 767, 777-778, 761 N.E.2d 688 (10th Dist.2001). But, the court must view the evidence in the light most favorable to the prosecution. *Jenks* at paragraph two of the syllabus.

{¶ 4} R.C. 2919.27(A)(2) provides "[n]o person shall recklessly violate the terms of * * * [a] protection order issued pursuant to section * * * 2903.214 of the Revised Code." "Recklessness" is defined as a person who "with heedless indifference to the consequences, * * * disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 5} Appellant argues the order did not prohibit appellant from having "any verbal" contact and did not prohibit contact at the courthouse parking lot. Appellant contends that he spoke to Steck in a loud voice because her window was rolled up and asked to talk to her. When she did not respond he stepped closer and left less than a minute later. Appellant also argues he could not immediately leave the area when he

3.

came in contact with Steck because the court had ordered him to remain at the court house until he received paperwork from the court.

{¶ 6} We find this argument lacks merit. The order specifically prohibits appellant from coming within 500 feet of the protected persons "wherever those protected persons may be found." If appellant should come in the presence of the protected persons by accident, appellant was ordered to immediately depart from the protected person's presence.

{¶ 7} In the situation before us, both Steck and her sister testified that appellant approached Steck's vehicle after appearing to recognizing Steck and would not leave the area until Steck threatened to call the police. Even if appellant was ordered to remain at the courthouse for paperwork, there was no need for him to wait within 500 feet of Steck or continue to approach her vehicle and attempt to speak to her.

{¶ 8} Furthermore, the order prohibited appellant from harassing protected persons. Steck further testified she believed appellant was harassing her because he would not leave after she repeatedly reminded him of the protection order and left only after she started to call the police. Appellant was initially several car lengths away from their car, but each time Steck and her sister told appellant to stay away, he would step closer. Steck and her sister both testified that appellant's behavior made them afraid. Steck testified that appellant spoke in a loud voice, but he was not yelling or screaming. However, a bystander testified that she heard a man talking in a loud, aggressive manner. The bystander was concerned for a moment about leaving her car and entering the

4.

courthouse. When she did leave her car, she saw two men sitting on the sidewalk outside of the courthouse. One man's manner made her assume he was yelling at someone behind her vehicle on the opposite side of the parking lot. He was yelling about getting his car, so she presumed it was a domestic dispute. The other man was walking in circles. When she entered the courthouse, she notified security about the yelling outside.

{¶ 9} The arresting officer testified that Bonnie Steck informed him that day that appellant had approached her vehicle and initiated a conversation with her. She stated appellant was bothering her because he kept attempting to talk to her and she told him she wanted him to go away. The officer went inside the courthouse and found appellant in the atrium. He stated he had been in the parking lot looking for the car of the person who dropped him off for the hearing. He denied having spoken to anyone, including Steck, while in the parking lot.

{¶ 10} From this evidence, we find the jury could have determined that appellant recklessly disobeyed the civil stalking protection order by attempting to speak with Steck.

{¶ 11} Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 12} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____
                                                     JUDGE

Arlene Singer, J.       

                                    _____

Thomas J. Osowik, J.                                    JUDGE
CONCUR.

                                    _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.